107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ojay TULALI, Defendant-Appellant.
 No. 96-10251.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1997.*
Decided March 6, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ojay Tulali appeals his conviction for possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). We find that the district court allowed a full cross-examination of a key governmental witness and properly excluded the witness' arrest record. Accordingly, we affirm.
 
 I.
 
 3
 Tulali argues that the district court improperly prevented his attorney from thoroughly cross-examining government witness Fannie Ordonez about the sentence she faced under the Sentencing Guidelines and what benefit she expected in exchange for cooperating with the government. The right to cross-examine adverse witnesses is " 'especially important with respect to accomplices or other witnesses who may have substantial reason to cooperate with the government.' " United States v. Mayans, 17 F.3d 1174, 1184 (9th Cir.1994) (quoting United States v. Onori, 535 F.2d 938, 945 (9th Cir.1976)). Inquiry into the details of Ordonez's plea agreement was crucial to Tulali's effective cross-examination because it had a direct impact on Ordonez's credibility. See id. (citing United States v. Roan Eagle, 867 F.2d 436, 443-44 (8th Cir.1989)). Ordonez had not yet been sentenced and thus had an even stronger incentive to give testimony that would strengthen the case against Tulali. See id.
 
 
 4
 The district court initially limited cross-examination about the plea agreement. Later, however, the court allowed Tulali's attorney to question Ordonez further about her understanding of the plea agreement and the consequences of her cooperation with the government. In both examinations, counsel elicited the following testimony: Ordonez did not know what the specific guidelines were in her case but thought she faced a sentence of up to fifteen years; she knew she faced a mandatory minimum of ten years; she knew that under her plea agreement she could get a lower sentence if the government filed a motion indicating she cooperated and substantially assisted the government; and she thought it would make a difference in her case if she helped the government in Tulali's case. The record thus reveals that the district court complied with Mayans and allowed a full cross-examination of Ordonez.
 
 
 5
 Tulali also claims that the district court impeded effective cross-examination by repeatedly interrupting counsel and by ordering counsel to ask open-ended questions. With respect to those contentions, we need say only that any error was harmless. The jury ultimately learned the facts of which counsel wished it to be advised.
 
 II.
 
 6
 Tulali challenges the district court's refusal to give him access to Ordonez's criminal arrest record, which Tulali hoped to use on cross-examination. The district court reviewed the record in camera and found that it was not an appropriate subject for interrogation. We have reviewed the record and agree with the district court's conclusion. Fed.R.Evid. 404(b), 608(b); see also Mayans, 17 F.3d at 1181-82.
 
 
 7
 Later, the district court reviewed the criminal arrest record of one "Marlene Fannie Delacruz," which included an arrest for giving false information to a police officer. Under oath, Ordonez denied that it was her record, and the court ruled that the record was of questionable reliability. The district court nonetheless gave Tulali a six-day trial recess in order to investigate the record. Tulali apparently did not find any evidence connecting the record with Ordonez and expressly declined to pursue it further. We find that the district court properly refused to allow the record to be used on cross-examination without further indicia of its reliability.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3